**FENG JIANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–70255.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

Gary J. Yerman, Esquire, Law Office of Gary J. Yerman, New York, NY, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Erica Miles, OIL, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Feng Jiang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny in part and grant in part the petition for review.

Substantial evidence supports the BIA's adverse credibility finding that Jiang's testimony regarding the length of his wife's arrest was internally inconsistent, *see Don v. Gonzales*, 476 F.3d 738, 741–42 (9th Cir.2007), and Jiang failed to adequately explain this inconsistency when given the opportunity, *see Kaur v. Gonzales*, 418 F.3d 1061, 1066–67 (9th Cir.2005). Accordingly, in the absence of credibility testimony, Jiang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

We remand Jiang's CAT claim for the BIA to address it in the first instance. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir.2005) ("The BIA [is] not free to ignore arguments raised by a petitioner.").

Each party to bear its own costs.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.